**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 23 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50023 |
| Appellee, | D.C. No. |
| v. | 2:18-cr-00358-RGK-2 |
| TIMOTHY PAUL THORNE, | MEMORANDUM[*] |
| Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted October 14, 2020
Pasadena, California

Before: GOULD and LEE, Circuit Judges, and KORMAN,[**] District Judge.

Timothy Thorne appeals his sentence of forty-eight months' imprisonment

(and one condition of supervised release) following his guilty plea to possession of

stolen mail under 18 U.S.C. § 1708. We affirm.[1]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

[1] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

1. The district court did not abuse its discretion by applying a fourteen point enhancement under U.S.S.G. § 2B1.1 for a loss exceeding $550,000. The evidence was sufficient to conclude, by either clear and convincing evidence or a preponderance, that Thorne was jointly responsible for the stolen checks found in the car he was driving with his co-defendants. The evidence showed that Thorne was an active participant in the mail-theft scheme both on and before the day of his arrest. It demonstrated both that Thorne's travel pattern matched the addresses for most of the stolen checks and that Thorne negotiated the sale of checks through his co-defendant. Although Thorne argues that some of the checks likely could not have been cashed, the Guidelines make clear that "intended loss" includes loss "that would have been impossible or unlikely to occur." *United States v. Popov*, 742 F.3d 911, 915 (9th Cir. 2014) (quoting U.S.S.G. § 2B1.1 cmt. n.3(A)(ii)).

2. Because the disputed criminal history point did not alter Thorne's criminal history category, the district court did not plainly err in adopting the Presentence Report when determining Thorne's criminal history. *United States v. Cruz-Gramajo*, 570 F.3d 1162, 1174 (9th Cir. 2009).

3. The district court adequately resolved Thorne's objections to the Presentence Report. First, it rejected Thorne's objection that he was not responsible for the other checks in the car by stating that the court would have to be "naïve to think that, no, this was an innocent bystander. He just had one little thing, but the

car was full of other things. The Court would be, as I say, naïve to feel that." Second, the district court explained its rejection of Thorne's challenge to the Presentence Report's description of his criminal history. "This is sufficient to satisfy Rule 32[.]" *United States v. Karterman*, 60 F.3d 576, 583 (9th Cir. 1995).

4.     We review the substantive reasonableness of Thorne's sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 56 (2007). Thorne's sentence was one year below the statutory maximum of sixty months, which in turn was less than the otherwise-applicable Guideline range of sixty-three to seventy-eight months. In assessing substantive reasonableness, we "afford significant deference to a district court's sentence under 18 U.S.C. § 3553 and reverse only if the court applied an incorrect legal rule or if the sentence was illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *United States v. Martinez-Lopez*, 864 F.3d 1034, 1043 (9th Cir. 2017) (en banc) (internal quotation omitted). "Although a below-Guidelines sentence is not immune from challenge, such a sentence will rarely be substantively unreasonable." *United States v. Gonzalez*, 906 F.3d 784, 800 (9th Cir. 2018). The district court credited Thorne's rehabilitation at sentencing in departing downward from the Guidelines and did not abuse its discretion by declining to depart further. While Thorne "has a different view of the seriousness of his past offenses than the district court," the district court's interpretation of his "criminal history and potential for recidivism

was not illogical, implausible, or without support in inferences that may be drawn from the facts in the record." *United States v. Stewart*, 761 F.3d 993, 1004 (9th Cir. 2014) (internal quotation omitted).

5.      The district court permissibly set as a condition of supervised release that Thorne submit to searches of his electronic devices on reasonable suspicion that he has "violated a condition of his supervised release and that the areas to be searched contain evidence of such violation." We reject Thorne's argument that the district court abused its discretion because in his view the condition is not reasonably related to the crime he committed. We have held that there is no requirement of a "direct nexus between the offense conduct and the computer search condition[.]" *United States v. Bare*, 806 F.3d 1011, 1019 (9th Cir. 2015). "The law only requires some nexus between the computer search condition and furthering the goal of deterrence, protection of the public, or rehabilitation of the offender." *Id.* (internal quotation omitted). Here, evidence was introduced showing that Thorne and his co-defendant negotiated the sale of checks over text messages. Even assuming that, as Thorne argues, he did not open the text messages that were forwarded to him, it suggests a reasonable possibility that there could be evidence of criminal activity on Thorne's electronic devices during the period of supervised release.

We likewise reject Thorne's argument that the search condition involved a greater deprivation of liberty than reasonably necessary because it applies to all his

devices and files, which he did not raise below and which we therefore review for plain error. *United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009). We have held that such searches are permitted for "personal computers or electronic devices over which a defendant has control and where he has both the obligation and the ability to inform other users that the computers or devices may be subject to search." *Bare*, 806 F.3d at 1018. The district court's condition complied with that limitation.

Finally, the district court did not commit plain error by failing to articulate its rationale for the search condition. Although the better practice would have been for the district court to state its reasoning, it need not do so as long as "the reasoning is apparent from the record." *United States v. Wolf Child*, 699 F.3d 1082, 1090 (9th Cir. 2012) (internal quotation and emphasis omitted). Here, the reason for the search condition was indeed apparent because of the discussion at sentencing of the text messages suggesting that Thorne and his co-defendant were using a cell phone to negotiate the sale of stolen checks.

**AFFIRMED.**